**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 23 2014, 5:32 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PETER D. TODD**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRANDON DANIELS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1309-CR-374 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Charles C. Wicks, Judge
Cause No. 20D05-1305-FD-000506

**June 23, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Brandon Daniels ("Daniels") pleaded guilty in Elkhart Superior Court to failure to return to lawful detention, a Class D felony. Daniels appeals his conviction, arguing that he did not intelligently and voluntarily waive his right to counsel.

We affirm.

**Facts and Procedural History**

On January 9, 2012, Daniels was convicted of possession of marijuana, a Class D felony. On February 27, 2013, the trial court found that Daniels had violated conditions of his probation and was sentenced to 180 days of community corrections work release. On April 4, 2013, Daniels was temporarily released for an intensive outpatient program and, thereafter, Daniels failed to return to the work release facility.

On May 15, 2013, he was charged with failure to return to lawful detention, a Class D felony.[1] At a June 10, 2013 hearing, Daniels expressed his desire to represent himself hoping to speed the sentencing process. The trial court advised him that he had a right to an attorney, that one would be appointed for him if he could not afford to hire one, and that he was facing three years in prison. Daniels reiterated his desire to represent himself, and therefore, the trial court provided him with a Waiver of Attorney form and gave him time to read it. The form listed the benefits of attorney representation, and allowed Daniels to indicate his graduation from high school. After signing the form, the trial court asked Daniels "have you read over that form that explains what an attorney can do for you." and if he had "any questions about it." Tr. p. 3.

---

[1] See Ind. Code § 35-44.1-3-4(c) ("A person who knowingly or intentionally fails to return to lawful detention following temporary leave granted for a specified purpose or limited period commits failure to return to lawful detention, a Class D felony.")

2

Then the trial court reiterated each disadvantage of self-representation. Daniels specifically affirmed his understanding that an attorney could investigate, prepare and present a case for Daniels; that the State would be represented by an experienced attorney; that Daniels would be disadvantaged by self-representation; that Daniels would be bound by the same rules as an attorney; and that an attorney could use their skill and experience to negotiate with the prosecutor. See Appellant's App. pp. 14-14a.

In preparation to accept Daniels's guilty plea, the trial court asked if Daniels was of sound mind, and informed him of the rights he would be forfeiting by entering a plea of guilty. The trial court then ensured that Daniels was not forced or coerced into his decision with the following exchange:

> THE COURT: Has anyone forced or threatened to put you or anyone else in fear to get you to plead guilty today?
>
> MR. DANIELS: Yes, your Honor.
>
> THE COURT: What?
>
> MR. DANIELS: No, your Honor.
>
> THE COURT: No one has forced or threatened you to plead guilty?
>
> MR. DANIELS: No.
>
> THE COURT: Correct?
>
> MR. DANIELS: No.
>
> THE COURT: You feel the plea of guilty you're offering is your own free choice and decision?
>
> MR. DANIELS: Yes, your Honor.

Tr. p. 11.

The trial court accepted Daniels's guilty plea and scheduled a sentencing hearing for July 8, 2013. At the sentencing hearing, due to the aggravating factor of a previous felony conviction, Daniels was sentenced to twenty-four months executed in the Department of Correction. Thirteen days later, Daniels wrote the trial judge requesting an appeal, and a public defender, asserting his mistaken belief that his escape was only a breach of contract. See Appellant's App. p. 10.

**Discussion and Decision**

"The Sixth Amendment, applicable to the states through the Fourteenth Amendment, guarantees a criminal defendant the right to counsel before he may be tried, convicted, and punished." Hopper v. State, 957 N.E.2d 613, 617 (Ind. 2011) (citing Faretta v. California, 422 U.S. 806, 807 (1975)). Accordingly, the accused must "be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." Id. at 618 (quoting Faretta, 422 U.S. 806 at 835) (internal quotations omitted). Moreover, "[a] plea of guilty . . . shall not be accepted from a defendant unrepresented by counsel who has not freely and knowingly waived his right to counsel." See Ind. Code § 35-35-1-1.

In reviewing the validity of a defendant's waiver of counsel, the role of the appellate court is "to conduct a thoughtful examination of the record as a whole to determine whether a particular defendant, in a particular stage of a particular case, voluntarily and intelligently waived his right to counsel." Hopper, 957 N.E.2d at 619.

4

Courts determining whether a waiver of counsel for trial was made voluntarily and intelligently must consider (1) the extent of the court's inquiry into the defendant's decision, (2) other evidence in the record that establishes whether the defendant understood the dangers and disadvantages of self-representation, (3) the background and experience of the defendant, and (4) the context of the defendant's decision to proceed pro se.

Id. at 618.

Importantly, both the Indiana Supreme Court and the U.S. Supreme Court "have deliberately eschewed any attempt to formulate a rigid list of required warnings, talismanic language, or formulaic checklist." Id. at 619; see also Iowa v. Tovar, 541 U.S. 77, 77 (2004); Leonard v. State, 579 N.E.2d 1294, 1294 (1991). Instead the validity of a defendant's waiver of counsel should be examined based on the totality of the circumstances "to determine whether any omissions or other circumstances warranted starting over." Id. at 622. In most cases this requires that an omission or other circumstances changed the outcome of the case. Daniels makes no such argument. Moreover, it appears Daniels's appeal stems from his mistaken belief that he had merely committed breach of contract.

Daniels argues the trial court failed to ensure that he read his Waiver of Attorney form; that the trial court failed to ascertain whether he was forced or coerced to waive his right to an attorney; and that the trial court failed to make specific findings that he intelligently and voluntarily waived his right to counsel. Absolutely none of Daniels's arguments is supported by the record in any way.

First, only after specifically and repeatedly asking Daniels if he was certain that he wanted to waive his right to counsel, and further explaining the disadvantages of

5

self-representation, did the court accept the waiver and ask the reporter to "show defendant knowingly waives right to counsel." Tr. p. 5. Second, the trial court specifically asked if Daniels had read the Waiver of Attorney form that he had signed, reviewed with him again the disadvantages of waiving counsel with Daniels, and explained the gravity of the felony charge he faced. Third, the trial court questioned the defendant to ensure he had graduated from high school and determined that there was no force or coercion when questioning Daniels about his decision to plea guilty. Finally, after all of this, Daniels expressed his continued preference for self-representation, hoping to speed the sentencing process.

Our review of the record shows Daniels was repeatedly and clearly advised of dangers and disadvantages of self-representation, and yet he chose to proceed pro se. He cannot now claim that he did not intelligently and voluntarily waive his right to counsel, or that he was improperly denied counsel. Hopper, supra.

For all these reasons, we conclude that Daniels intelligently and voluntarily waived his right to counsel.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.